United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NADINE JACKSON-YOUNG

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,

Defendant.
_____/

No. CV 12-01921 RS

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS MOTION**

I.   INTRODUCTION

Plaintiff Nadine Jackson-Young appeals the final decision of defendant, Commissioner of the Social Security Administration Carolyn Colvin (the "Commissioner"), denying her application for disability insurance benefits on the grounds that she is not disabled. The parties cross move for summary judgment. Because the Commissioner concedes the Administrative Law Judge's ("ALJ") decision inappropriately relied on vocational expert testimony to find Jackson-Young can perform substantial gainful work, and because that error was not harmless, plaintiff's motion for summary judgment must be granted. Defendant's motion is accordingly denied. The case is remanded to the Commissioner to determine whether Jackson-Young is disabled for purposes of receiving Social Security benefits.

## II. FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken from the decision rendered by the ALJ in August of 2010 and the accompanying Administrative Record ("AR"). Born on August 14, 1959, Jackson-Young was 51 years old at the time of her administrative hearing before the ALJ. AR at 32. She lives in a senior citizens' home with her mother and 11 year old daughter. *Id.* She completed the 11th grade, but did not graduate from high school and does not hold a GED. *Id.* at 33. She was employed at Stanford University from 1995 to 2000, where she received limited vocational training in the form of online computer programs. *Id.* at 33, 35. She last worked as a patient service representative from 2001 to 2007. *Id.* at 34–37.

Jackson-Young suffers from a multitude of physical and mental conditions. For purposes of the instant motions, her most relevant ailments are degenerative disc disease (back pain) and depression. Jackson-Young's back pain affects the right side of her body from mid back down her leg. *Id.* at 37–38. On multiple occasions she received epidural injections, which, in some instances, temporarily relieved her back pain. *Id.* at 42–43. With respect to her depression, Jackson-Young has been hospitalized on two occasions because of concerns she would overdose. *Id.* at 41. She received several years of psychiatric treatment at Pathways to Wellness and is currently taking several prescribed medications.

In November of 2008, Jackson-Young filed concurrent applications for social security disability insurance and supplemental security income benefits. After her claims were denied, Jackson-Young requested a hearing, which took place before an ALJ in August 2010. The ALJ issued an unfavorable decision, which became final in February of 2012 when the Appeals Council denied Jackson-Young's request for review. Jackson-Young filed a complaint in this District seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). (Compl., ECF No. 1 at ¶ 1).

## III. LEGAL STANDARD

A. <u>Standard for Reviewing the Commissioner's Decision</u>

42 U.S.C. § 405(g) provides judicial review of the Commissioner's decision denying benefits to Jackson-Young. The ALJ's decision must be affirmed if its findings are supported by

substantial evidence and grounded upon correct legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir.1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance—[it] is such reasonable evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *see also Drouin*, 966 F.2d at 1257. When determining whether substantial evidence exists to support the ALJ's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, however, the Court must defer to the ALJ's decision. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

B.    Standard for Determining Disability

A person is "disabled" for purposes of receiving Social Security benefits if he or she is unable to engage in any substantial gainful activity, due to a physical or mental impairment that is expected to result in death or that has lasted or is expected to last for a continuous period of at least twelve months. *Drouin*, 966 F.2d at 1257; *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

Social Security disability cases are evaluated using a five-step, sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner must determine whether the claimant currently is engaged in substantial gainful activity ("SGA"); if so, the claimant is not disabled, and the claim must be denied. *Id.* If the claimant is not engaged in SGA, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments that significantly limit the claimant's ability to perform basic work activities; if not, the claimant is not disabled and the claim must be denied. *Id.* If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the "impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, subpart P, Appendix 1." *Id.* In the fourth step, the Commissioner must determine whether the claimant has sufficient "residual functional capacity" ("RFC") to perform his or her past work; if so, the claimant is not disabled and the claim again must be denied. *Id.* The claimant has the burden of proving that he or

she is unable to perform past relevant work. *Drouin*, 966 F.2d at 1257.  If the claimant meets this burden, the claimant has established a prima facie case of disability.  *Id.*  In the fifth step of the sequential analysis, the burden shifts to the Commissioner to establish that the claimant can perform other substantial gainful work.   20 CFR §§ 404.1520, 416.920; *Blodgett v. Comm'r of Soc. Sec. Admin.*, 534 F. App'x 608, 611 (9th Cir. 2013); *Drouin*, 966 F.2d at 1257.

## IV.   DISCUSSION

The first three steps of the ALJ's five-step analysis are not disputed.[1]  Instead, Jackson-Young contends the ALJ made outcome-determinative errors at the fourth and fifth steps.  At the fourth step, the ALJ found Jackson-Young had the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) including lifting twenty pounds occasionally, ten pounds frequently;  sitting six hours in an eight hour work day with the option to stand at will;  standing and walking six hours in an eight hour workday with normal breaks;  climbing ramps and stairs occasionally;  balancing, stooping, kneeling, crouching, and crawling occasionally.  The claimant is to avoid climbing ladders, ropes or scaffolds;  exposure and/or dangerous moving machinery, all environmental hazards, and unprotected heights.  Further, the claimant is limited to performing simple repetitive tasks at a non-production pace.

AR at 16–17.  Considering this RFC, the ALJ determined Jackson-Young could not perform her relevant past work.  *Id.* at 19.  At the fifth step, however, he found there are significant jobs in the national economy that Jackson-Young can perform and therefore she is not disabled.  *Id.* at 20–21.  In reaching this decision, the ALJ relied on testimony of vocational expert Lynda Berkley and found a person of Jackson-Young's age, education, work experience, and RFC "would be able to perform the requirements of representative light work occupations such as office clerk . . . [and] mail clerk[.]"  *Id.* at 20.

At the hearing, the ALJ asked Berkley whether a hypothetical individual with varying employment limitations could find work in the national economy.  He first asked her to assume:

---

[1] The ALJ determined Jackson-Young (1) is not currently engaged in substantial gainful activity; (2) suffers from the severe impairments of degenerative disc disease, seizure disorder, and depression; and (3) does not have an impairment or combination of impairments which meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, subpart P, Appendix 1.  AR at 15–16.

> [A]n individual who's able to lift up to 20 pounds occasionally, lift and carry 10 pounds frequently, stand or walk for six and sit for approximately six hours per eight hour day with normal breaks who could occasionally climb ramps or stairs, never climb ladders ropes or scaffolds, occasionally balance, stoop, kneel, crouch and crawl and who should avoid all exposure to work place hazards such as unprotected machinery and unprotected heights because of the history of seizures.

AR at 55. Berkley answered that such an individual could perform all of Jackson-Young's past work. *Id.* The ALJ next asked Berkley to consider the same individual, but "with the additional limitation of working limited to simple routine and repetitive tasks, only simple work related decisions and few if any work place changes." *Id.* at 55–56. Berkley stated the individual could perform unskilled light work, offering jobs of office helper and mail clerk as examples. The ALJ then asked Berkley to add the requirement of a "sit/stand option." *Id.* at 57. Berkley explained this limitation would eliminate the office helper and mail clerk positions, but the individual could perform the jobs of a production assembler or a video rental clerk. *Id.* at 57–58. Berkley also testified that if the individual required the use of a cane, these jobs would be eliminated. *Id.* at 58.

Jackson-Young raises several issues on review. She argues the ALJ improperly relied on Berkley's testimony to conclude a person with Jackson-Young's qualities could find work in the national economy. She also contends the ALJ's RFC determination is not supported by the medical evidence and contains an improper credibility finding. The Commissioner concedes the ALJ relied on inappropriate portions of Berkley's testimony, but argues this error was harmless. Moreover, the Commissioner argues the ALJ's RFC and credibility analyses are supported by substantial evidence. Because the ALJ's conceded error is not harmless as explained below, remand is necessary and Jackson-Young's summary judgment motion must be granted.

A.  <u>Vocational expert</u>

As noted, the ALJ relied on Berkley's testimony to determine that jobs exist in the national economy which Jackson-Young can perform. In particular, he found someone with Jackson-Young's qualities can perform light work occupations including mail clerk and office clerk. Jackson-Young argues Berkley's testimony cannot support the ALJ's finding. According to her, the ALJ's hypotheticals may not be relied upon, because they did not fully account for her limitations. Jackson-Young further maintains that, to the extent the hypotheticals incorporate all

her limitations, the ALJ's finding of her ability to perform substantial gainful work is inconsistent with Berkley's testimony.

### 1. *Incomplete hypotheticals*

The hypothetical questions the ALJ posed to Berkley adequately capture the limitations contained in the RFC. Jackson-Young argues her RFC determination requires she have the "option to stand at will" and limits her "to performing simple repetitive tasks at a non-production pace", restrictions not included in the ALJ's hypotheticals thereby rendering Berkley's conclusions unreliable. *Blodgett*, 534 F. App'x at 611 (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)) ("When an ALJ poses hypothetical questions to a vocational expert, those questions 'must set out *all* the limitations and restrictions of the particular claimant.'") (emphasis original).

Although the ALJ's hypotheticals did not use the exact language of the RFC, he asked Berkley to consider a hypothetical individual limited to performing simple, routine, and repetitive tasks that also required a stand/sit option. These hypothetical limitations adequately capture the restrictions contained in Jackson-Young's RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding ALJ's hypothetical that limits the claimant to "simple tasks" "adequately captures restrictions related to concentration, persistence, or pace").

### 2. *Substantial gainful work*

Although the ALJ posed complete hypotheticals to Berkley, defendant did not meet the burden at step five of showing Jackson-Young can perform substantial gainful work. The Commissioner concedes the ALJ's RFC determination precludes reliance on either the office helper or the mail clerk jobs. The Commission apparently accepts Jackson-Young's contention that her RFC includes a sit/stand option—a limitation which Berkley specifically testified eliminates both positions. However, the Commissioner contends the ALJ's error was harmless in light of Berkley's remaining testimony that a person similar to Jackson-Young with a sit/stand requirement could still perform production assembler and video rental clerk jobs.

The ALJ's erroneous reliance on the office helper and mail clerk jobs was not harmless, because his decision provides no alternative basis for his substantial gainful work finding. Despite Berkley's testimony regarding the production assembler and video rental clerk positions, the ALJ

1  did not rely on them to determine whether jobs exist in the national economy that Jackson-Young
2  can perform.  That the ALJ *could* have relied on those jobs is no answer.  *Cf. Molina v. Astrue*, 674
3  F.3d 1104, 1121 (9th Cir. 2012) ("[W]e may not uphold an agency's decision on a ground not
4  actually relied on by the agency[.]").  At the fifth step, the burden is with the Commissioner to
5  establish the claimant can perform substantial gainful work.   20 CFR §§ 404.1520, 416.920;
6  *Blodgett*, 534 F. App'x at 611; *Drouin*, 966 F.2d at 1257.  Because the ALJ's decision does not
7  contain a proper basis for his substantial gainful work finding, it is without support at step five and
8  must be returned.

9  The cases upon which the Commissioner relies are not to the contrary.  In *Tommasetti v.*
10 *Astrue* the Ninth Circuit held that, although the ALJ improperly found the claimant could perform
11 his past work, any error was harmless because the ALJ provided an alternative basis for finding the
12 claimant was not disabled.  533 F.3d 1035, 1044 (9th Cir. 2008) ("[T]he ALJ properly concluded *as*
13 *an alternative* at step five that he could perform work in the national and regional economies as a
14 semiconductor assembler.") (emphasis added).  Here, the ALJ did not describe a valid alternative
15 basis for finding Jackson-Young could perform substantial gainful work.  Similarly, in *Molina v.*
16 *Astrue* the Ninth Circuit found an ALJ's erroneous failure to comment on lay witness testimony
17 was harmless where he "validly rejected all the limitations described by the lay witnesses in
18 discussing [the claimant's] testimony[.]"  674 F.3d 1104, 1122 (9th Cir. 2012).  Unlike *Molina*,
19 nowhere in the ALJ's decision did he discuss the production assembler or video rental clerk jobs.

20 Jackson-Young also argues the ALJ improperly excluded consideration of medical evidence
21 showing her need to use a cane.  In particular, she points to physician notes in August and
22 November of 2008, indicating she walks with a cane.  She argues that, because Berkley testified
23 that this limitation would eliminate the production assistant and video rental clerk positions, these
24 jobs also cannot support the ALJ's findings at step five.  In light of the ALJ's failure to rely on the
25 production assistant and video rental clerk jobs, this order need not address the absence of any
26 holding relative to Jackson-Young's use of a cane.

27
28

B.  RFC determination

Similarly, this order need not address Jackson-Young's remaining issues regarding the RFC determination. Jackson-Young claims the RFC is not supported by the medical evidence and contains an improper credibility finding. Although it appears the Commissioner's contentions that the ALJ's findings are supported by substantial evidence are well-taken, the ALJ remains free to consider more fulsomely those issues on remand.

## V.  CONCLUSION

Jackson-Young's motion for summary judgment is granted and the Commissioner's cross motion is denied. The Commissioner concedes the ALJ relied on inappropriate portions of the vocational expert's testimony. This error was not harmless, because the relied upon testimony provides the sole basis for the ALJ's finding that Jackson-Young can perform substantial gainful work. This order does not reach Jackson-Young's remaining issues for review, which the ALJ remains free to reconsider on remand.

IT IS SO ORDERED.

DATED: 4/21/14

_____
RICHARD SEEBORG
United States District Judge