UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NADINE JACKSON–YOUNG,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,

    Defendant.

Case No. 12-cv-01921-RS

**ORDER AWARDING ATTORNEY FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

## I. INTRODUCTION

In this matter, plaintiff Nadine Jackson-Young successfully challenged a decision of the Social Security Administration that found her to be ineligible for disability insurance benefits. The case was remanded to the Commissioner for further proceedings. Jackson-Young now seeks an award of attorney fees in the amount of $7813.23 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The motion will be granted.

## II. BACKGROUND

Jackson-Young suffers from severe degenerative disc disease, seizure disorder, and depression. In November of 2008, she filed dual applications for social security disability and supplemental security income benefits. An administrative law judge ("ALJ") affirmed the

agency's denial of her claims, and the Appeals Council ultimately rejected review.

Jackson-Young thereafter filed a complaint with this Court, seeking judicial review pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). On cross motions for summary judgment, the Court held that the ALJ had erred in finding Plaintiff capable of performing substantial gainful work, and remanded for further proceedings.

## II.  LEGAL STANDARD

Before granting attorney fees under EAJA, a court must determine that the government has failed to show that its position was "substantially justified," or that special circumstances make the award unjust. 28 U.S.C. §§ 2412(d)(1)(A), (1)(B); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158–60 (1990). If the court determines that the government's position was not justified, and that the plaintiff is entitled to fees, the court must then evaluate whether the requested fees and costs are reasonable. *See* § 2412(d)(2)(A). This inquiry turns on the reasonableness of the hourly rate and the number of hours requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

## III. DISCUSSION

A.  Substantial Justification

To defeat a plaintiff's fee motion, the Commissioner must establish that "the position of the United States was substantially justified" under § 2412(d)(1)(A). *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). "Substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (interior quotation marks omitted). A substantially justified position must have a reasonable basis both in law and fact. *Id.*; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

Jackson-Young prevailed on summary judgment here by showing that the ALJ had erred in concluding that she could perform either of two jobs—office helper or mail clerk—despite the vocational expert's testimony that working in such positions was precluded by her limitations, as

described in her Residual Functioning Capacity assessment. The Commissioner had argued that the ALJ's error was harmless in light of the expert's testimony that Jackson-Young could perform the responsibilities of two other positions, production assembler or video rental clerk.  The order on summary judgment rejected that argument, holding that the error was not harmless because the ALJ did not actually rely on the two positions to determine whether available and appropriate jobs existed in the national economy.  As such, the ALJ's finding that Jackson-Young can perform substantial gainful work lacked an adequate basis.

The Ninth Circuit has made it clear that "basic and fundamental" procedural errors are difficult to justify. *See Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).  Errors in which an ALJ "fail[s] to make findings and weigh evidence" are "serious," and the government's defense of such errors lacks substantial justification. *Shafer v. Astrue*, 518 F.3d 1067, 1071–72 (9th Cir. 2008).  Examples of such basic and fundamental errors include mischaracterizing evidence, relying on an opinion of a non-examining physician that contradicts the clear weight of the medical record, and discrediting the claimant's subjective complaints as inconsistent with the medical record. *Louis v. Astrue*, 2012 WL 92884, at *4 (E.D. Cal. Jan. 11, 2012).

Here the ALJ's reliance on positions expressly declared by the expert to be unsuitable rises to such a "basic and fundamental" error.  While the Commissioner did not attempt to defend that error directly, the argument that it was harmless lacked sufficient weight to defeat Jackson-Young's right to recover fees. As explained in the prior order, the mere fact that the ALJ perhaps could have chosen to look at other evidence, does not excuse his failure to do so.  Accordingly, a fee award is appropriate here.

B. <u>Reasonableness</u>

Under EAJA, attorney fees must be reasonable.  28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002).  A court must determine the fee based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  A court has wide latitude in determining

the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035 (1990).

In evaluating the hours claimed by attorneys under EAJA, a district court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437. Courts "need not attempt to portray the discretionary analyses that lead[ ] to their numerical conclusions as elaborate mathematical equations, but they must provide sufficient insight into their exercises of discretion to enable us to discharge our reviewing function." *Cunningham*, 879 F.2d at 485.

Here, the Commissioner does not dispute the hourly rates requested for attorney and paralegal time, but challenges the reasonableness of the hours incurred. Review of the detailed time entries provided, however, shows no evidence of "padding" of hours or otherwise unreasonable billing practices. *See Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993) ("[a]bsent any evidence of obvious 'padding' of hours that would lead the court to doubt the credibility of plaintiff's application, the court will not conduct a line by line evaluation of the application"); *Vallejo v. Astrue*, 2011 WL 4383636, at *4 (E.D. Cal., Sept. 20, 2011). Additionally, as the Ninth Circuit has explained, "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). As a result, courts should generally defer to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id.*

The claim here is for 41.6 hours in attorney time (at approximately $185 per hour[1]) and 6.35 hours in paralegal time (at $106 per hour). In light of the record and the issues in this case, that claim is reasonable.

---

[1] Counsel requests slightly different rates in different time periods.

## IV. CONCLUSION

Jackson-Young's motion for attorney fees in the amount of $7813.23 under the Equal Access to Justice Act is granted. Subject to the government's right to determine whether the Treasury Offset Program precludes doing so, payment shall be made directly to counsel, forthwith.

**IT IS SO ORDERED.**

Dated: May 14, 2015

_____
RICHARD SEEBORG
United States District Judge